In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-418 CR


____________________



VICKY ELAINE CELESTINE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court 


Jefferson County, Texas


Trial Cause No. 87316






MEMORANDUM OPINION


 Pursuant to a plea bargain, appellant Vicky Celestine pled guilty to aggravated assault. 
The trial court deferred adjudication of Celestine's guilt, placed her on community
supervision for six years, and assessed a $1,000 fine. The State filed a motion to revoke
Celestine's unadjudicated community supervision. Celestine pled "true" to violating three
of the conditions of the community supervision order. The trial court found that Celestine
violated the conditions of her community supervision, found her guilty of aggravated assault
with a deadly weapon, and assessed punishment at twelve years of confinement in the Texas
Department of Criminal Justice Institutional Division. 

 On appeal, Celestine's counsel filed an Anders brief. The brief meets the
requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),
and presents a professional evaluation of the record demonstrating why there are no arguable
grounds to be advanced in the appeal. See also High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978). Counsel provided Celestine with a copy of the brief, filed a motion to withdraw
from the case, and notified Celestine of her right to review the record and to file a pro se
response. 

 Celestine filed a pro se brief asserting six issues for our review. First, she asserts the
trial judge waived formal reading of the indictment at the hearing on the State's motion to
revoke probation without her consent. In her second and third issues, she complains of
ineffective assistance of counsel at the hearing on the motion to revoke probation and on
appeal. In her fourth issue, she maintains this Court lacks the authority to grant her court-appointed appellate counsel's motion to withdraw from the case. Fifth, she contends the trial
court failed to conduct a separate punishment hearing after the trial court adjudicated guilt. 
Last, she asserts a double jeopardy claim because, according to Celestine, two trial courts set
bail for the same charge in two different courts. 

 Upon receipt of an Anders brief from a defendant's court-appointed attorney, we must
make an independent determination after conducting our own review of the record as to
whether the appeal is frivolous. See Anders, 386 U.S. at 744, Stafford v. State, 813 S.W.2d
503, 511 (Tex. Crim. App. 1991). In making this determination, we consider any pro se
response filed by the appellant. See Tex. R. App. P. 47.1. If we conclude that arguable
grounds for appeal exist, we abate the appeal without addressing the issues raised in
Celestine's pro se brief. See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). 
If, after our independent review of the entire record, we conclude the appeal is wholly
frivolous, we may affirm the trial court's judgment by issuing an opinion explaining that we
have reviewed the record and have found no reversible error. See id. at 826-27. 

 Pursuant to Anders and Bledsoe, we have independently reviewed the clerk's record,
the reporter's record, Celestine's appointed-counsel's Anders brief, and Celestine's pro se
brief. See Anders, 386 U.S. at 744; Bledsoe, 178 S.W.3d at 826-27. We agree with appellate
counsel that the appeal is wholly frivolous and without merit, and we find no reversible error
in the record. We affirm the judgment of the trial court. (1)

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice

Submitted on December 27, 2006

Opinion Delivered May 23, 2007

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Celestine may pursue discretionary review on her own in the Court of Criminal
Appeals. See Bledsoe, 178 S.W.3d at 827 n.6; Tex. R. App. P. 68.